### STATE, Plaintiff-Appellee, v. ZIMMERMAN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21085.   Decided October 11, 1948

Frank T. Cullitan, Prosecutor, Cleveland, for plaintiff-appellee.

Alexander H. Martin, Cleveland, for defendant-appellant.

HUNSICKER, J, of the Ninth Appellate District sitting by designation in place of MORGAN, J.

## OPINION

By HUNSICKER, J.

This is an appeal on questions of law from a judgment rendered on the verdict of a jury, wherein Edward A. Zimmerman, defendant appellant, was found guilty on each of two counts on an indictment charging rape and sodomy.

The principal question raised by this appeal concerns the admission of testimony under the provisions of §13444-19 GC (the Similar Acts statute).

The State of Ohio called as one of its witnesses in chief an eight year old girl, who after a meager preliminary qualification as to her competency, testified over the objection of defense counsel. Defense counsel when requested to state the grounds of objection, stated: "On the ground of her youth, and so forth."

The testimony of this young girl related to undue liberties taken with her person by someone who enticed her into an apartment building on the pretext of sending her on an errand for him. She did not identify the defendant in the police line-up, or at the time, of trial, nor describe her assailant in any manner whatsoever.

The next yitness called after the young girl, was a Mrs. Molnar who lived in the apartment building and who testified that .about five minutes after she heard footsteps in the hall of the apartment building she opened the door of her apartment, stepped into the hall and saw the defendant standing near the entrance to one of the apartments. She inquired twice as to what he wanted. The reply was an inquiry about a man that Mrs. Monar said did not live there, whereupon the defendant appellant left the building.

The defendant appellant denies the act claimed to have been committed on the young girl, denies he was ever in the apartment building or in that vicinity for several months previous to the time Mrs. Molnar testified to seeing him in the apartment building.

There was no motion by defense counsel to withdraw this testimony from consideration by the jury and no objection made to the testimony of Mrs. Molnar. The testimony was permitted to go to the jury as evidence to be considered by them by virtue of §13444-19 GC and the court charged the jury on the competency of such evidence.

We recognize the broad scope of §13444-19 GC but in the instant case the person who was the victim of this similar act did not recognize, describe or identify the defendant.

It must be further remembered that Mrs. Molnar did not go into the hall until after a lapse of· five minutes; did not see the young girl and saw no act or conduct on the part of the appellant which in any way associated him with the claimed offensive conduct.

We believe that for such testimony to be admissible under the facts of this case, it was necessary that some connection of this defendant appellant with the act committed on the young girl was necessary before it could be considered by the jury.

To submit suc htestimony to the jury under these circumstances was prejudicial to the rights of this defendant appellant.

We have examined all other claimed errors and find none prejudicial. The judgment is reversed and the cause remanded to the trial court for further proceedings according to law. Exceptions. Order See Journal.

HURD, PJ, SKEEL, J, concur.